NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 20, 2011
Decided January 20, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No.  10-1872

| | |
|---|---|
| MICHAEL MUEHL, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> BELINDA SCHRUBBE, et al., <br> *Defendants-Appellees.* | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 09-cv-16-bbc <br><br> Barbara B. Crabb, <br> *Judge.* |

**O R D E R**

Wisconsin state prisoner Michael Muehl appeals the district court's denial of his motion for appointment of counsel during his unsuccessful lawsuit under 42 U.S.C. § 1983, in which he claimed that prison nurse Gail Waltz and other defendants violated his Eighth Amendment rights by denying him adequate medical care.  We affirm.

Muehl was imprisoned at Waupun Correctional Institution on December 12, 2007, when he cut his left wrist in a suicide attempt.  Dr. Paul Sumnicht treated and closed the wound, but it opened again that night.  Muehl alleged that Waltz—who observed him on December 13—refused to treat his wound.  His complaint, which named 12 defendants and covered several alleged incidents of inadequate medical care, was severed into three cases,

and in this case only his claim against Waltz survived summary judgment. Muehl subsequently moved for appointment of counsel, but the district court denied his motion.

After Muehl, proceeding pro se, presented his case at trial, the district court granted Waltz judgment as a matter of law. Testimony at trial from Sumnicht and Waltz established that the wound was only superficial, and thus the court concluded that even if Waltz ignored the reopened wound on December 13, Muehl had not shown that he had a serious medical need as required for his Eighth Amendment claim.

Muehl argues on appeal that the district court should have appointed counsel to represent him at trial; counsel, he contends, would have found an expert to assess his treatment in a way that would have led to a different outcome. A court weighing a motion to appoint counsel must consider whether the difficulty of the case exceeds the plaintiff's capacity to litigate his claims and present his case coherently. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). Muehl argued in his motion that he did not know how to prepare for a jury trial, that he was not as qualified as a "seasoned litigator" to cross-examine witnesses, and that he needed counsel to procure expert testimony to counter Waltz's experts. But the district court properly applied *Pruitt* and denied his request, explaining that the case was not complex, that Muehl appeared capable of litigating it (his filings had "generally been reasoned and easy to understand"), and that all pro se litigants are similarly handicapped by a lack of legal expertise and trial experience. *See Pruitt*, 503 F.3d at 655-56; *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

We AFFIRM the judgment of the district court.